## HILLIN v BEIGHTLER

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3105. Decided Nov. 21, 1939.

Nichols, Speidel & Nichols, Batavia, for plaintiff.

Thomas J. Herbert, Attorney General, Columbus; Herbert K. Ames, Asst. Attorney General, Columbus, for defendant.

## OPINION

By GEIGER, J.

Plaintiff below filed an original action in mandamus in this Court in which he sets out facts in reference to his discharge as an employe under Civil Service and alleges that his removal from said position was illegal, void, and of no effect.

The prayer of the petition is that a writ of mandamus issue compelling the defendant as Director of Highways to restore the petitioner to his employment in the department according to his civil service rating therein. There is the further prayer:

"That said defendant be required to certify that the petitioner has at all times since the 15th day of January, 1938, been in the employment of the State Highway Department," and

"Have said defendant certify to the proper finance officers of the State of Ohio the amount of salary due this plaintiff from said 15th day of January, 1938."

The matter is presented to this court upon the question as to whether or not a mandamus proceeding is a proper action in which to recover the amount of withheld income from one wrongfully discharged and whether the action is appropriate to compel the issuance of warrants for the payment of the withheld salary.

It is urged by the plaintiff that mandamus is a proper action to recover salary payments after wrongful and void dismissal from a civil service position.

We do not find it necessary to determine this question. The motion is addressed to certain allegations contained in the prayer of the petition. A prayer is no part of the petition and a motion to strike out a certain portion of the prayer does not fall within the rules in reference to motions addressed to petitions.

When the evidence is presented it will be time enough to determine whether the plaintiff is entitled to the remedy he seeks in reference to the certificate of the past due salary. If it then appears that the plaintiff is entitled to relief and that the Court may make a proper order in reference thereto, it can be done. If it is not within the right of the plaintiff to receive such certificate the prayer may be denied to that extent.

For the reason that a motion to strike out a part of the prayer is not proper, the motion will be overruled.

HORNBECK, PJ. & BARNES, J., concur.